IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCY FONSECA-BRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19-cv-1474 |
| | ) |
| DUPAGE COUNTY ELECTION | ) Judge Sharon Johnson Coleman |
| COMMISSION, DUPAGE COUNTY CLERK, | ) |
| as successor of DUPAGE COUNTY | ) |
| ELECTION COMMISSION, and | ) |
| MICHAEL STACHNIAK, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lucy Fonseca-Bradford ("Bradford") brings this action against the DuPage County Election Commission (the "Commission"), the DuPage County Clerk (the "Clerk") as successor of the Commission,[1] and Michael Stachniak. Bradford alleges sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983. The Clerk moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motion is granted in part and denied in part.

**Background**

The Court accepts as true the following facts set forth in the complaint. Bradford was hired as the "Vote-by-Mail Supervisor of DuPage" in 2015. In 2017, she was promoted to Voting Supervisor and, in that capacity, worked closely with Stachniak, an IT technician. On occasions prior to February 2018, Stachniak acted inappropriately toward Bradford, such as stating, "if only I had met you before my wife," telling her he would "do anything for a pretty face," and poking her in her torso. On February 2, 2018, Stachniak grabbed Bradford's right buttock as she stood near him

---

[1] Bradford refers to the Commission and the Clerk collectively as "DuPage" throughout her pleadings.

in his office. Bradford slapped his arm away, yelled at him to stop, and ran from the office. She reported the incident to Charles Walker, a personnel analyst who worked under Joseph Sobecki, the Commission's executive director ("E.D. Sobecki"). She also submitted a formal complaint. E.D. Sobecki told her that he was aware of other instances of Stachniak making "sexually motivated comments" or engaging in inappropriate conduct with other DuPage employees.

In July 2018, the DuPage County Board dissolved the Commission and consolidated its powers into the Clerk's office, so Bradford received a new supervisor, Suzanne Fahnestock. Bradford reported Stachniak's previous actions to Fahnestock, who then assigned Stachniak's wife, Jessica, as Bradford's manager. Jessica "micromanaged" Bradford, but not other employees she managed. As a result, Bradford experienced stress, mental anguish, and anxiety for which she was hospitalized on October 31. When she was discharged from the hospital on November 2, she spoke with Walker, who told her she did not need a doctor's note to return to work. When she returned to work that evening, however, Fahnestock required a note. Bradford offered to show discharge paperwork stating she could resume normal activity, but Fahnestock refused to review that paperwork. On November 3, Bradford was discharged for insubordination. She alleges that she had never been disciplined until after she complained about Stachniak.

Bradford then filed this lawsuit, asserting sexual harassment in violation of Title VII against DuPage and Stachniak (Count I); retaliation in violation of Title VII against DuPage (Count II); a section 1983 equal protection claim against DuPage and Stachniak (Count III); and state-law battery against Stachniak (Count IV). The Clerk moves to dismiss the complaint against it for failure to state a claim upon which relief can be granted.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In considering

dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In addition to the allegations in the complaint, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018). The Court may also "take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017). Thus, the Court will consider the DuPage County ordinance and records from the Illinois Department of Human Rights (IDHR) submitted by the parties without converting the instant motion to one for summary judgment. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also McGee v. United Parcel Serv., Inc.,* No. 01 C 9099, 2002 WL 449061, at *2 (N.D. Ill. Mar. 22, 2002) (Korcoras, J.) (citations omitted) ("the court may take judicial notice of matters of public record, including records of administrative bodies such as the IDHR").

## Discussion

*The Clerk as proper party for the Title VII and Section 1983 claims*

The Clerk asserts that it is not a proper party under Title VII because the Commission, not the Clerk, employed Bradford during the period of her alleged harassment and discharge. For a Title VII sexual harassment claim, Bradford must put forth facts to support that: "(1) she endured

3

unwelcome sexual harassment; (2) she was harassed because of her sex; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile work environment; and (4) there is a basis for employer liability." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017). As to the fourth element, Bradford alleges that DuPage is liable as her employer "by reason of its failure to remedy or prevent" the harassment. (Dkt. 1 at 6.) To establish employer liability for sexual harassment under Title VII, a plaintiff must prove that an employer-employee relationship existed. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015); *Nischan*, 865 F.3d at 928 (citing *Love* in the context of sexual harassment).

The legislative action by which the Clerk absorbed the Commission did not occur until January 2019 (although the citizens of DuPage County approved a referendum to consolidate the Commission into the Clerk's office in April 2018) when the ordinance was passed transferring the functions of the Commission to the Clerk. (Dkt. 14-1 at 2-3.) The Clerk, therefore, did not employ Bradford during the relevant dates in 2018. Because the Clerk was not her employer when she was terminated, Bradford relies on the doctrine of successor liability to implicate the Clerk for the Commission's alleged retaliation. She argues that the Clerk admitted that it was her employer, as successor to the Commission, in a February 2019 position statement it submitted in IDHR proceedings. In the position statement, an attorney stated that he represented "the DuPage County Clerk, as the successor to the DuPage County Election Commission." (Dkt. 19 at 10.) The Clerk argues that this language was not an admission to any successor liability and that the legal issue of whether the Clerk is liable under Title VII was not addressed during the IDHR investigation.

Successor liability doctrine is applicable in Title VII cases. *See Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228 (7th Cir. 1986). Although it has been applied only in the context of private sector purchases of one entity by another, *see, e.g., Ind. Elec. Workers Pension Benefit Fund v. ManWeb Servs., Inc.*, 884 F.3d 770, 776 (7th Cir. 2018); *Teed v. Thomas & Betts Power Solutions, LLC*, 711 F.3d 763 (7th

4

Cir. 2013); *EEOC v. N. Star Hospitality, Inc.*, 777 F.3d 898 (7th Cir. 2015), the Court is not persuaded that the doctrine is inapplicable in a matter dealing with the restructuring of local government agencies. The Court therefore turns to the merits of whether Bradford has sufficiently alleged that the Clerk is the successor to the Commission in this case. The Seventh Circuit has identified the following criteria as helpful in determining successor liability: "(1) whether the successor employer had prior notice of the claim against the predecessor; (2) whether the predecessor is able, or was able prior to the purchase, to provide the relief requested; and (3) whether there has been a sufficient continuity in the business operations of the predecessor and successor." *Wheeler,* 794 F.2d at 1236.

Applying the *Wheeler* criteria to this case, the Court first finds that the Clerk had prior notice of Bradford's claim based on the IDHR documents showing that on November 8, 2018, Bradford filed a Complaint for Discrimination related to the events alleged in the instant federal complaint; that the February 2019 position statement in response to her IDHR complaint was submitted by the "DuPage County Clerk (successor to the DuPage County Election Commission)"; and that the position statement further indicated that the Commission is "now known as the Elections Division of the DuPage County Clerk's Office." (Dkt. 19 at 10-11.) Second, the Commission, the Clerk's predecessor, was able to provide the relief that Bradford seeks in her complaint, particularly in light of the fact that that DuPage County would have indemnified the Commission for any monetary judgment. Third, as to continuity in the business operations of the Commission and the Clerk, the ordinance states, inter alia, that "the DuPage County Board hereby consolidates the powers and duties of . . . [the Commission] into [the Clerk]"; that any Commission records "shall be transmitted to and maintained by [the Clerk]"; and that "any outstanding bank accounts, accounts receivable or payable, debts or obligations due or owing to or from [the Commission] . . . have been assumed by the County of DuPage." (Dkt. 14-1 at 2-3). The Court finds that Bradford has plausibly alleged that the Clerk is the successor to the Commission in this action. *See Twombly*, 550 U.S. at 570.

*Employer liability for Stachniak's alleged harassment under Title VII*

The Clerk next argues that Bradford fails to allege a basis for employer liability, the fourth element of a Title VII sexual harassment claim. *See Nischan*, 865 F.3d at 928. Bradford alleges that employer liability arises out of the fact that E.D. Sobecki knew that Stachniak had harassed other female employees and Bradford. She further alleges that "DuPage is liable for Stachniak's conduct by reason of its failure to remedy or prevent his harassment of Bradford after learning of his inappropriate behavior toward Bradford and other female employees." (Dkt. 1 at 3, 6).

A coworker's sexual harassment of an employee gives rise to employer liability under Title VII when an employer is "negligent either in discovering or remedying the harassment." *Nischan*, 865 F.3d at 930 (citation omitted); *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1035 (7th Cir. 1998); *see also Erickson v. Wisc. Dep't of Corr.*, 469 F.3d 600, 606 (7th Cir. 2006); *Doe v. Oberweis Dairy*, 456 F.3d 704, 716 (7th Cir. 2006). If a complaint "holds together" and provides the defendant with "fair notice of [the plaintiff's] claims and the grounds upon which those claims rest," it is sufficient to meet Title VII pleading standards. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 834 (7th Cir. 2015).

Taking the factual allegations in the complaint as true, E.D. Sobecki was already aware of other instances in which Stachniak engaged inappropriately with DuPage employees before February 2, 2018, when Stachniak grabbed Bradford's right buttock. Given E.D. Sobecki's knowledge, it is plausible that DuPage could have negligently failed to "take[] reasonable steps to discover and rectify the harassment" endured by several of its female employees, including Bradford. *See Berry v. Delta Airlines, Inc.*, 260 F.3d 803, 811 (7th Cir. 2001). The complaint alleges sufficient facts to give DuPage fair notice of the grounds for Bradford's claims and the Court denies the Clerk's motion to dismiss in this regard.

*Monell liability under Section 1983*

Finally, the Clerk argues that Bradford's section 1983 claim is insufficiently pled because it does not allege a basis for liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). To plead section 1983 liability against a municipality or comparable entity liable for a constitutional violation under *Monell*, a plaintiff must plead that an official policy, a widespread custom, or an action by an official with final policymaking authority was the "moving force" behind the alleged violation. *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). More specifically, to state a *Monell* claim against the Clerk for violation of her right to equal protection, Bradford was required to "plead[ ] factual content that allows the court to draw the reasonable inference that the Clerk maintained a policy, custom, or practice of intentional discrimination against a class of persons to which [Bradford] belonged." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (internal quotations and citations omitted).

Here, Bradford alleges that Stachniak acted within the scope of his employment with DuPage, that he acted "pursuant to DuPage's custom of allowing its employees to sexually harass female employees," and that the alleged sexual harassment and retaliation violated her constitutional rights to equal protection and to be free from discrimination. (Dkt. 1 at 8.) The Court finds that these conclusory allegations fail to assert plausible facts that raise a reasonable inference that the Clerk had maintained an unconstitutional custom or practice of allowing intentional sexual harassment and retaliation that caused Bradford's constitutional injury. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also McCauley*, 671 F.3d at 617 (alleged "facts" that are actually legal conclusions or elements of the cause of action may be disregarded on a motion to dismiss). Because Bradford has failed to plead sufficient facts to support her equal protection claim under *Monell,* such claim is dismissed without prejudice.

**Conclusion**

Based on the foregoing, the Court grants in part and denies in part the Clerk's Rule 12(b)(6) motion to dismiss [14].

**IT IS SO ORDERED.**

Date: 3/11/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge