IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCY FONSECA-BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-1474 |
| | ) | |
| DUPAGE COUNTY ELECTION | ) | Judge Sharon Johnson Coleman |
| COMMISSION, DUPAGE COUNTY CLERK, | ) | |
| as successor of DUPAGE COUNTY | ) | |
| ELECTION COMMISSION, and | ) | |
| MICHAEL STACHNIAK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lucy Fonseca-Bradford ("Bradford") brings this action against the DuPage County Election Commission, the DuPage County Clerk (together, "DuPage"), and Michael Stachniak. Bradford alleges sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983. She also asserts a state-law battery claim against Stachniak. Before the Court is Stachniak's motion to dismiss counts I and IV of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the motion is granted in part and denied in part.

**Background**

The Court assumes familiarity with the facts as set forth in its order addressing the motion to dismiss filed by DuPage. *See Fonseca-Bradford v. DuPage Cty. Election Comm'n*, 2020 WL 1166084 (N.D.Ill. Mar. 11, 2020). As relevant to the instant motion, Bradford began working for DuPage in 2015 and was promoted to "Voting Supervisor" two years later. In her new position, she worked closely with Stachniak, who was an IT technician. On occasions prior to February 2018, Stachniak acted inappropriately toward Bradford, and on February 2, 2018, he grabbed her right buttock as she

stood near him. Bradford submitted a formal complaint and was told that there had been other instances of Stachniak making "sexually motivated comments" or engaging in inappropriate conduct with other DuPage employees. In July 2018, Stachniak's wife, Jessica, was assigned as Bradford's manager. Jessica "micromanaged" Bradford, but not the other employees she managed. On November 3, Bradford was discharged although she had never been subject to any discipline until after she complained about Stachniak.

On February 28, 2019, Bradford filed this lawsuit, asserting a Title VII sexual harassment claim against DuPage and Stachniak (count I), a Title VII retaliation claim against DuPage (count II), a section 1983 equal protection claim against DuPage and Stachniak (count III), and a state-law battery claim against Stachniak (count IV). Stachniak now moves to dismiss counts I and IV against him for failure to state claims upon which relief can be granted.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Stachniak moves to dismiss the claim against him in count one of Bradford's complaint arguing that because he was an IT technician, he was not an "employer" for purposes of Title VII. Bradford has conceded in her response brief that Stachniak cannot be held individually liable under Title VII. The Court agrees, *see Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012) (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Thus, Stachniak, in his individual capacity, is dismissed from count I of the complaint.

Next, Stachniak argues that Bradford's state-law battery claim in count IV must be dismissed because it was not filed within the one-year statute of limitations pursuant to Illinois's Tort Immunity Act (the "TIA"). *See* 745 ILCS 10/8-101 (an action must be brought "within one year from the date that the injury was received or the cause of action accrued"). Count IV alleges, inter alia, that "[o]n February 2, 2018, Stachniak grabbed Bradford on or about her right buttock," and that Stachniak's conduct was "willful and wanton and done in reckless indifference to Bradford's rights." (Dkt. 1 at 9.) Bradford contends that the TIA does not apply to Stachniak because the TIA applies to public employees only for actions taken within the scope of their employment, and the battery alleged here falls outside the scope of Stachniak's employment as an IT technician. Consequently, Bradford asserts, the standard two-year statute of limitations applies to her battery claim. *See* 735 ILCS 5/13-202 (actions for damages for an injury to the person "shall be commenced within two years next after the cause of action accrued").

For the TIA to apply to public employees, the alleged actions must have been taken within the scope of their employment. *Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 993 (Ill. 2007). Illinois courts have consistently held that acts of sexual assault, misconduct, and harassment are outside the scope of employment as a matter of law. *See Krause v. Turnberry Country Club*, 571 F.Supp.2d 851, 864 (N.D. Ill. 2008) (collecting cases). Based on the facts as alleged by Bradford, it is not necessary for

the Court to discuss the factors used to determine whether Stachniak's conduct was committed within the scope of his employment with DuPage. *See Copeland v. Cty. of Macon*, 403 F.3d 929, 932 (7th Cir. 2005). The Court concludes that the TIA does not apply to Bradford's claim of sexual battery and that this claim is timely under the two-year statute of limitations. Accordingly, the Court denies Stachniak's motion to dismiss count IV of the complaint.

Finally, the Court notes Bradford's allegation, asserted in support of her section 1983 claim in count III, that "Stachniak was acting within the scope of his employment as duly appointed employee of DuPage." (Dkt. 1 at 8.) The Court recognizes that Bradford has taken contrary legal positions in counts III and IV of her complaint, and therefore grants Bradford leave to file an amended complaint to cure, if possible, the inconsistency of the allegations contained in those counts. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (there is a "presumption in favor of giving plaintiffs at least one opportunity to amend.").

**Conclusion**

Based on the foregoing, the Court grants in part and denies in part Stachniak's Rule 12(b)(6) motion to dismiss [30]. Bradford may file an amended complaint within 21 days of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

Date: 8/3/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4